# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH ANN LANKFORD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-1164-MLB-KGG |
| WICHITA SCHOOL DISTRICT, USD 259, | ) |
| Defendant. | ) |

## ORDER ON SUFFICIENCY OF COMPLAINT AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her Complaint, Plaintiff Elizabeth Ann Lankford filed a Motion to Proceed Without Payment of Fees (IFP Application) (Doc. 3, sealed) with attached Affidavit of Financial Status, and a Motion for Appointment of Counsel (Doc. 4). On August 9, 2010, the Court granted Plaintiff's *IFP* Application, but took her Motion for Appointment of Counsel under advisement, directing her to file an Amended Complaint addressing the deficiencies outlined in the Court's Order. (*See generally* Doc. 5.) Plaintiff subsequently filed her Amended Complaint. (Doc. 6.) As such, the Court is prepared to rule on Plaintiff's Motion for Appointment of Counsel.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

Further, the Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). If a plaintiff's case is subject to dismissal, it obviously would not be considered to have merit and counsel would not be appointed pursuant to the ***Castner*** factors.

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991). However, the Court will not assume the role of advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various

3

legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must **allege sufficient facts to state a claim which is plausible – rather than merely conceivable** – on its face." *Fisher*, 531 F. Supp.2d at 1260 (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). In other words, factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a)

requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that a plaintiff has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In filing the present case, Plaintiff completed the general Civil Complaint form as well as the Employment Discrimination form provided by the Clerk of the Court, naming her former employer U.S.D. 259 as the Defendant and claiming discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. (*See* Doc. 1, at 7.) Later in her Complaint, Plaintiff also indicates that she was the victim of disability discrimination and retaliation. (*Id*., at 9.) According to her Complaint, she has properly followed the administrative charging procedure with the EEOC and KHRC and has received her right-to-sue letter. (*See Id*., at 5, 8, 12.) Thus, the Court identified no jurisdictional issues in the case.

As the Court pointed out in its previous Order, however, there were serious

issues with Plaintiff's Complaint, most specifically the dearth of factual allegations setting forth her claims. The only thing remotely qualifying as a factual description of her allegations is the statement that she was "denied short term disability" after "work[ing] for the school district for 17 ½ years." (Doc. 1, at 10.) Plaintiff was, therefore, directed to file an Amended Complaint that would attempt to describe approximately when, where, and how the Defendant and/or its representatives or employees were discriminatory and/or retaliatory. She was also directed to identify the individuals who perpetrated the alleged discrimination and identify her alleged disability (or perceived disability). Finally, she was instructed to describe for the Court the manner in which she believes she was discriminated against as a result of her age.

Plaintiff's Amended Complaint states that her employment was terminated "for having exceded [sic] [her] hours due to a chronic illness." (Doc. 6.) She alleges that she was so devastated that she required surgery two weeks later. (*Id.*) She also indicates that she "cried and cried until [she] became a recluse in [her] home." (*Id.*)

While the Court does not dispute that Plaintiff was indeed upset about losing her job, this does not equate to her termination being illegal. Simply stated, Plaintiff's Amended Complaint also fails to allege facts to support a claim that her

6

termination was unlawfully discriminatory as a result of her alleged disability.[2]  In addition, Plaintiff has attached to her Amended Complaint correspondence from a health care provider stating that the pain from her medical conditions "is now too much for her to continue with her job" and that she should consider disability benefits.  (Doc. 6, at 2.)  Assuming this to be true, Plaintiff is not "qualified to perform the essential functions of the job with or without reasonable accommodation."  **Hennagir v. Utah Dept. of Corrections**, 587 F.3d 1255, 1261 (10th Cir. 2009).  Thus, she cannot establish a *prima facie* case of disability discrimination.

Likewise, Plaintiff's Amended Complaint fails to state a claim for age discrimination or retaliation.  There is nothing in the Amended Complaint describing the manner in which she believes she was discriminated against as a result of her age, despite the Court's instructions in its prior Order.  (*See* Doc. 5, at 9.)  Further, there is no discussion of facts relating to and/or establishing she was illegally retaliated against.  For instance, there is no mention of having engaged in protected opposition to discrimination of any kind.  *See* **Hennagir**, 587 F.3d at 1265.  As such, Plaintiff has failed to establish that her claims have merit.  Her

---

[2] Plaintiff has now identified her alleged disabilities as lupus, fibromyalgia, and arthritis.  (Doc. 6.)  Because of the Court's rulings on other issues herein, there is no need to reach as conclusion as to whether or not these conditions constitute legal disabilities.

7

Motion for Appointment of Counsel (Doc. 4) is, therefore, **DENIED** and the Court **RECOMMENDS** dismissal of her action.

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e).

**IT IS ORDERED** that the clerk need not serve the Complaint upon Defendants. See ***Henriksen v. Bentley***, 644 F.2d 852 (10th Cir. 1981).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

A copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 15th day of October, 2010.

                                            S/ KENNETH G. GALE
                                            KENNETH G. GALE
                                            United States Magistrate Judge