# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH ANN LANKFORD,         )<br>                                 )<br>                    Plaintiff,   )<br>                                 )<br>v.                               )<br>                                 )<br>WICHITA SCHOOL DISTRICT, USD 259,)<br>                                 )<br>                    Defendant.   )<br>_____) | **CIVIL ACTION**<br><br>No. 10-1164-MLB |

## MEMORANDUM AND ORDER

Before the court are the following:

1. U.S. Magistrate Judge Kenneth G. Gale's Order on Sufficiency of Complaint and Report and Recommendation for Dismissal (Doc. 7); and

2. Plaintiff's pro se letter (Doc. 8).

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the file, with appropriate deference to plaintiff's pro se status.

Plaintiff filed an initial complaint on May 24, 2010 alleging age discrimination by her former employer, Wichita School District USD 259. She attached a right to sue letter dated March 11, 2010. In paragraph eight of her complaint, she placed marks indicating that her former employer had terminated her employment, failed to accommodate her disability and had retaliated against her. Plaintiff did not give any sort of narrative description of the facts supporting her claim but she did indicate that defendant had "denied short term disability. I worked for the school district for 17½ years." Plaintiff also filed an application for appointment of counsel (Doc. 4).

By his order of August 9, 2010, Judge Gale granted plaintiff's

motion to proceed in forma pauperis and after liberally construing plaintiff's initial complaint, he correctly found that "Plaintiff's filings are virtually devoid of any substantive factual description regarding the discrimination and retaliation she allegedly suffered." Judge Gale directed plaintiff to file an amended complaint which plaintiff did on September 17, 2010 (Doc. 6). The amended complaint stated, in substance, that in February 2008, plaintiff was "terminated for having exceeded my hours due to a chronic illness." Two weeks after her termination, plaintiff underwent surgery of an unspecified nature to which she attributed 80% due her termination. Plaintiff attached an undated letter from her physician, Scott L. Meyers, M.D., stating that plaintiff suffers from arthritis, diabetes, fibromyalgia and episodes of depression and anxiety.

On October 15, 2010, Judge Gale issued the order to which plaintiff now objects. He first considered plaintiff's application for appointment of counsel under the appropriate statutory and case law factors. He then examined the sufficiency of plaintiff's allegations, giving appropriate deference to her pro se status. Having done so, Judge Gale concluded that plaintiff's submissions fail to allege facts sufficient to demonstrate that she was illegally terminated from her employment because of disability, or because of her age. Similarly, he found there was nothing in the submissions to indicate that she had been illegally retaliated against. Ultimately, Judge recommended that plaintiff's case be dismissed for failure to state a claim and that her application for appointment of counsel be denied.

On November 3, 2010, plaintiff filed what the court considers to

be an objection to Judge Gale's Report and Recommendation. While the objection technically is not timely, the court will overlook this deficiency. Fairly summarized, plaintiff states that she was a good and loyal employee prior to her termination. In February 2008, she was notified that she had taken too many sick days. Plaintiff's physician, Dr. Meyers, apparently had written a letter stating that plaintiff would have to go on disability but her employer told her ". . . I couldn't get it, only unemployment. They smiled at me and said to turn in my badge." Plaintiff proceeds to explain that she has not had insurance since February 2008, is not yet eligible for Medicare and can't see her family doctor because she has no insurance and is in arrears on her bill. She also states that she has contacted various lawyers but they have declined to take her case. She concludes by stating:

> All I ask can you please help me get some compensation from USD 259 - Food Production Center maybe face David Brauner and Vicky Hoffman we both say what we see on both sides - and have your Honor make a honest and truthful decision on this case. Even if I don't win it will release and heal a big void in my life.

(Doc. 8 at 2).

In his October 15 order, Judge Gale, in some detail, pointed out the deficiencies in plaintiff's initial complaint and amended complaint, including plaintiff's failure to follow his directions regarding the information she would have to provide in order to adequately state a claim or claims. While the court appreciates plaintiff's pro se status, Judge Gale's instructions were clearly expressed in non-legal terminology. Plaintiff has not followed Judge Gale's direction in her most recent submission. As a result, the

court finds that Judge Gale's Report and Recommendation should be and is adopted in its entirety. Plaintiff's objection thereto is overruled and this case is dismissed.

IT IS SO ORDERED.

Dated this   17th   day of November 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE